618 So.2d 385 (1993)
Gerry Marie VINCENT
v.
Francis TUSCH, Jefferson Parish, City of Kenner.
No. 93-C-0979.
Supreme Court of Louisiana.
May 21, 1993.
Rehearing Denied June 25, 1993.[*]
PER CURIAM.
Where on the face of the petition it appears that prescription has run, the burden shifts to the plaintiff to prove a suspension or interruption of prescription. If the plaintiff's basis for claiming interruption is solidary liability between two parties, then the plaintiff also bears the burden of proving that solidary relationship. However, where the plaintiff's allegations in the petition and the amending petition have not been controverted in the hearing on the exception, a court must look to the petitions to see whether plaintiff has carried his burden of proof. In doing so, the test is whether the alleged facts, if accepted as true, are sufficient on their face to establish that the timely sued defendant and the untimely sued defendants are solidarily liable. Pearson v. Hartford Accident & Indemnity Co., 281 So.2d 724 (La.1973).
It does not appear from the application or opposition that defendants put on any evidence at the hearing on the exception of prescription in this case. Therefore, we must look to the petition and amending petition to determine whether the facts stated therein, if accepted as true, sufficiently allege a solidary relationship between Ms. Tusch, the City of Kenner and Jefferson Parish for purposes of interrupting *386 prescription. The original petition alleges that while plaintiff was a passenger in her car, Ms. Tusch negligently drove into a canal, causing severe personal injuries to plaintiff. In the amending petition, plaintiff alleged that Jefferson Parish negligently failed to treat and drain the water in the canal, failed to construct adequate safety measures, and performed other acts of negligence. Plaintiff alleged that the City of Kenner negligently failed to construct or maintain adequate rails and signs around the canal, failed to construct adequate safety measures, and performed other acts of negligence.[1]Assuming these allegations are true, Ms. Tusch and the City of Kenner could share liability for the damages resulting from the car's entry into the canal and plaintiff's fall into the canal, while Ms. Tusch, the City of Kenner, and Jefferson Parish could share liability for the damages resulting from the contaminated water.[2] Solidary liability does not require, as the opposition alleges, that the defendants share liability for the whole of plaintiff's damages. See Williams v. Sewerage & Water Board of New Orleans, 611 So.2d 1381 (La.1993) and cases cited therein. Rather, defendants are solidary for purposes of interrupting prescription as long as they share coextensive liability to repair certain elements of the same damage. The court of appeal erred in restricting solidary liability to cases in which two parties "acted in concert to cause the accident."
The court of appeal erred in affirming the trial court's granting of the defendants' exceptions of prescription. The trial court judgment granting the municipalities' exceptions of prescription is reversed, and the case is remanded for proceedings consistent with this per curiam.
REVERSED AND REMANDED.
CALOGERO, C.J., and DENNIS, J., would grant and docket the writ.
HALL, J., not on panel.
NOTES
[*] Hall, J., not on panel.
[1] The amending petition further alleges that all three defendants are solidarily liable for the accident, which resulted in a compound fracture of plaintiff's right ankle which became seriously infected from the germs contained in the canal water.
[2] This is true because included in Ms. Tusch's alleged duty not to lose control of her car and drive into a canal are the risks that the canal might not be properly fenced and the water in the canal might not be properly treated or drained. Included in the City of Kenner's alleged duty to properly fence the canal are the risks that a car might, as a result, drive into the canal and that a passenger in the car might fall into the water which contains bacteria leading to infection of the injuries. Included in Jefferson Parish's alleged duty to properly treat and drain the water is the risk that a person might fall into the canal. We reiterate that the above conclusions are all based on the assumption that the allegations in plaintiff's petition and amending petition are true for purposes of deciding an exception of prescription, and we make no statement on the actual liability of the parties.