671 So.2d 478 (1995)
Dan Martin VOELKEL
v.
The STATE of Louisiana; Town, City, Village or Municipality of Varnado; Town, City, Village or Municipality of Angie; The Parish of Washington; & The Washington Parish Police Jury.
No. 95 CA 0147.
Court of Appeal of Louisiana, First Circuit.
October 6, 1995.
Writ Denied January 12, 1996.
*479 Jack H. Tobias, Metairie, for Plaintiff-Appellant.
Douglas W. Olsen, Baton Rouge, for Defendant-Appellee, State of Louisiana.
Eric D. Suben and Thomas J. Wagner, New Orleans, for Defendant-Appellee, Washington Parish Police Jury.
Before SHORTESS, PARRO and KUHN, JJ.
SHORTESS, Judge.
On May 9, 1987, a vehicle operated by Dan Martin Voelkel (plaintiff) veered off the paved surface of Louisiana Highway 21 in Washington Parish and overturned in a roadside drainage ditch. Plaintiff alleges that as a result of contact with raw sewerage in the ditch, he suffered serious and substantial physical injuries. He sued the State of Louisiana and the State of Louisiana, through the Department of Transportation and Development (which are treated as one entity herein, State), and the Washington Parish Police Jury (WPPJ).[1] Plaintiff alleged these defendants failed to maintain and inspect the ditch and failed to prevent the "dispensing of raw sewerage" into the ditch.

PROCEDURAL HISTORY
WPPJ moved for summary judgment, contending it had no duty to maintain the ditch or regulate local sanitation. The trial court denied the motion, finding that although WPPJ had no duty to maintain the ditch, the evidence presented by WPPJ was insufficient to negate plaintiff's allegations that WPPJ had a duty under Louisiana Revised Statute 40:14 to regulate sanitation. WPPJ then amended its answer to allege it was immune from liability under the discretionary immunity statute, Revised Statute 9:2798.1, and filed another motion for summary judgment.
The State also filed a motion for summary judgment, contending it had no duty to inspect, maintain, or prevent the discharge and accumulation of sewerage into the drainage ditch. On August 22, 1994, the trial court heard both motions and took them under advisement. On August 24, the trial court filed reasons for judgment stating plaintiff's action against the State and WPPJ would be dismissed when a judgment was submitted. On September 1 the trial court signed a judgment granting the motion of "the State of Louisiana." A separate judgment was signed on September 30 dismissing WPPJ.
Plaintiff's petition for appeal, filed September 23, 1994, stated he was appealing the judgment "rendered on or about August 30, 1994." The order granting the appeal was signed October 17, 1994. Plaintiff treated the appeal as if it were an appeal of both judgments.

APPEAL OF JUDGMENT DISMISSING WPPJ
Does this court have jurisdiction?
WPPJ contends this court has no jurisdiction to review the judgment dismissing *480 it because no order granting an appeal of the September 30 judgment was obtained by plaintiff. Louisiana Code of Civil Procedure article 2121 provides in pertinent part: "An appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment." It is incumbent upon the party litigant or his counsel to obtain the order of appeal, and failure to do so is imputable to him. Ratcliff v. Boydell, 566 So.2d 197, 199 (La.App. 4th Cir.), writ denied, 571 So.2d 647 (La.1990); Fidelity Bank & Trust Co. v. Pinewood Country Club, 250 So.2d 577, 578 (La.App. 1st Cir. 1971).
The jurisdiction of the appellate court attaches upon the granting of the order of appeal. La.C.C.P. 2088. There can be no appeal absent an order of appeal because the order is jurisdictional. This lack of jurisdiction can be noticed by the court on its own motion at any time. La.C.C.P. 2162; Sammons v. New Orleans Ry. & Light Co., 143 La. 731, 79 So. 320 (1916); Accredited Sur. & Cos. Co. v. McElveen, 93-678, pp. 1-2 (La. App. 3d Cir. 2/2/94), 631 So.2d 563, 564 writ denied, 94-0915 (La. 5/20/94), 637 So.2d 483, cert. denied, ___ U.S. ___, 115 S.Ct. 424, 130 L.Ed.2d 338 (10/31/94); Davis v. Funderburk, 274 So.2d 781, 782 (La.App. 3d Cir. 1973); Dufrene v. Dufrene, 149 So. 889 (La. App. 1st Cir.1933). We find we have no jurisdiction over the appeal of the September 30 judgment because of the lack of an order of appeal.
Does plaintiff have a right to appeal as to WPPJ?
WPPJ contends the judgment of September 30 dismissing it is final because plaintiff's appeal delays have expired. Plaintiff contends, however, that his appeal delays have not yet begun to run because no notice of judgment was mailed to him as required by Code of Civil Procedure article 1913(B). This case was taken under advisement by the trial court, and notice of judgment clearly was required by article 1913(B). The appellate record does not reflect that notice of the September 30 judgment was ever provided to plaintiff.[2] The law is well settled that appeal delays do not begin to run until proper notice is mailed by the clerk. Nassau Realty Co. v. Brown, 332 So.2d 206, 209-210 (La.1976); Juengain v. Johnson, 571 So.2d 167, 168 (La.App. 4th Cir.1990); Roy Fink, Inc. v. State, 464 So.2d 1064, 1066 (La.App. 1st Cir.), writs denied sub nom., Schexnaydre v. State, 467 So.2d 539 and 467 So.2d 541 (La.1985). Thus, the judgment dismissing WPPJ is not final; plaintiff still has the right to perfect an appeal because the appeal delays have not yet begun to run.
We have no jurisdiction over plaintiff's appeal as to WPPJ. Since plaintiff still has a right to appeal, however, we are empowered by Louisiana Code of Civil Procedure article 2162 to remand this case to the district court.

APPEAL OF JUDGMENT DISMISSING THE STATE
The parties do not dispute that the roadway and ditch were within the State's jurisdiction. The trial court found, however, that the State's duty to maintain the highways and highway shoulders did not extend to drainage ditches adjacent to those highways, and thus the State had no liability whatsoever for the condition of the drainage ditch in which plaintiff allegedly suffered contamination of his wounds.
Plaintiff contends the State was negligent in allowing the ditch culverts to become clogged, which caused water to accumulate in the ditch, and in failing to stop the discharge of sewerage into the ditch. He also contends that because the State had the garde of the ditch, it is strictly liable for damages he suffered because of the stagnant contaminated water there. Plaintiff argues that the State's duty under various environmental laws to protect the water supply and to regulate sanitation extends to the protection of motorists who leave the highway through no *481 fault of the State and subsequently come in contact with the contents of a ditch.
The State's liability for the condition of roadside ditches vis-a-vis motorists has been litigated numerous times. The jurisprudence is consistent that, by statutory definition,[3] the purpose of roadside ditches is drainage, not vehicular use, and that the State has no duty to maintain its drainage ditches in such a way that they do not pose an unreasonable risk of harm for vehicles in those ditches. See, e.g., Hanchey v. State, 597 So.2d 1252, 1254 (La.App. 3d Cir.), writ not considered, 604 So.2d 962 (La.1992); Rogers v. Parish of East Baton Rouge, 577 So.2d 1068, 1072 (La. App. 1st Cir.), writ denied, 580 So.2d 925 (La.1991); Perkins v. State, 515 So.2d 553, 555 (La.App. 1st Cir.), writ denied 515 So.2d 1114 (La.1987); Wilkinson v. Town of Baker, 506 So.2d 739, 742 (La.App. 1st Cir.1987).
Furthermore, we hold the scope of the State's duty to regulate sanitation and maintain water quality does not encompass the risk that an individual's injuries following a motor vehicle accident will be exacerbated by contact with polluted water.[4] We find the trial court did not commit legal error in finding the State had no duty toward plaintiff.

CONCLUSION
For the foregoing reasons, we dismiss plaintiff's appeal against the Washington Parish Police Jury as premature and remand to the trial court plaintiff's suit against it; we affirm the trial court judgment dismissing plaintiff's suit as to the State. Costs of this appeal are assessed to plaintiff.
APPEAL AS TO WASHINGTON PARISH POLICE JURY DISMISSED, AND SUIT AGAINST WASHINGTON PARISH POLICE JURY REMANDED; AFFIRMED AS TO STATE OF LOUISIANA AND STATE, THROUGH THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
NOTES
[1] Plaintiff also sued the Villages of Angie and Varnado, but each was dismissed through a motion for summary judgment. Plaintiff sued the Parish of Washington, but it has never answered or made a formal appearance, other than through WPPJ.
[2] We note the record also is devoid of evidence that notice of the September 1 judgment dismissing the State was mailed to plaintiff. The State has not raised this issue, and plaintiff was not prejudiced by lack of notice as his appeal of that judgment was timely. The defect of lack of notice was cured by the timely filing of the appeal. State v. Albritton, 610 So.2d 209, 212 (La.App. 3d Cir.1992).
[3] See LSA-R.S. 48:1(22).
[4] Plaintiff's reliance on Vincent v. Tusch, 618 So.2d 385 (La.1993), is misplaced. The sole issue in Vincent was whether plaintiff's suit had prescribed as to certain defendants. The supreme court expressly held in Vincent that its conclusions regarding solidary liability "are all based on the assumption that the allegations in plaintiff's petition and amending petition are true for purposes of deciding an exception of prescription, and we make no statement on the actual liability of the parties." 618 So.2d at 386 n. 2(emphasis added).