696 So.2d 621 (1997)
Gloria D. STRICKLAND
v.
Ed LAYRISSON, Sheriff of Tangipahoa Parish.
No. 96 CA 1280.
Court of Appeal of Louisiana, First Circuit.
June 20, 1997.
*622 Christopher L. Whittington, Baton Rouge, for Plaintiffs-Appellants Gloria D. Strickland and Felicia Strickland.
Scott Vincent, New Orleans, for Defendants-Appellees Gene Byers and Mike Kazarooni.
Before WHIPPLE and FITZSIMMONS, JJ., and TYSON, J. Pro Tem.[1]
RALPH E. TYSON, Judge Pro Tem.
Plaintiffs, Gloria Strickland and Felicia Strickland, appeal from a judgment of the trial court, sustaining the peremptory exception pleading the objection of no cause of action and dismissing their suit against defendants.

PROCEDURAL HISTORY
On September 28, 1995, Gloria Strickland filed a suit for damages for the wrongful death of her daughter, Shemika Butler, and named as defendant, Ed Layrisson, Sheriff of Tangipahoa. Ms. Strickland also sought damages for her emotional distress and punitive damages.
*623 In her petition, Ms. Strickland made the following allegations:
(1) On September 24, 1995, Claude Smith was a trustee of Sheriff Ed Layrisson, having previously been convicted and serving a sentence for felony theft and previously having his probation revoked because of the illegal use of controlled dangerous substances;
(2) Sheriff Ed Layrisson allowed Claude Smith to be released on September 24, 1995, for a supervised visit with his family;
(3) Shemika Renee Butler, [plaintiff's daughter], was leaving her house on foot on Oak Hill Road to await her ride to attend church;
(4) Throughout the morning, Claude Smith was not supervised and was set free by the Sheriff's Department, and during this time, he became excessively intoxicated;
(5) Claude Smith borrowed a 1995 Ford Mustang from a friend and began driving throughout the Parish of Tangipahoa while in an intoxicated state;
(6) Having previously been an acquaintance of Shemika Butler, a minor, Claude Smith brought the 1995 Ford Mustang to a stop and offered Shemika Butler a ride to church;
(7) Claude Smith, in an intoxicated state, and not supervised by any deputy from Sheriff Ed Layrisson, immediately began driving recklessly and carelessly at a high rate of speed on Louisiana Highway 1051, approximately one mile north of Tangipahoa;
(8) Because of Claude Smith's intoxicated state and the high rate of speed he was traveling, he lost control of the vehicle, left the travel portion of the road, hit a culvert marker and, after becoming airborne, struck a utility pole, thereby ejecting the minor, Shemika Butler, from the vehicle;
(9) As a result of the accident, Shemika Butler sustained serious injuries which proved to be fatal.
Ms. Strickland subsequently filed a first supplemental and amending petition to add as defendants Gene Byers, a deputy sheriff, and Mike Kazarooni, an employee of the Sheriff. The petition alleged that Gene Byers had signed Claude Smith out of the jail for a supervised visit and that Mike Kazarooni had received the transfer of the custody of Claude Smith outside of the jail. The petition was later amended again to add Felicia Strickland, Shemika's sister, as a plaintiff.
In response to plaintiffs' petitions, defendants filed several motions and a peremptory exception pleading the objection of "no cause or right of action".[2]
After a hearing, the trial court issued written reasons for judgment on March 18, 1996, finding that the petition for damages failed to set forth a cause of action. In its written reasons, the trial court stated as follows
Even if all of the pleaded facts are taken as true and provable, the breach of the sheriff's duty to supervise Claude Smith during his incarceration `should not be complained of by those injured through the escapee's negligent operation of a car.'[3]
The trial court further found that this defect could not be remedied by amendment. In a judgment rendered on March 18, 1996, the trial court sustained the peremptory exception of no cause of action and dismissed the plaintiffs' demands with prejudice as to Sheriff Layrisson. On March 20, 1996, the trial court issued a second judgment, sustaining the peremptory exception of no cause of *624 action and dismissing the plaintiffs' claims with prejudice as to Beyers and Kazarooni. Plaintiffs' petition for appeal, filed April 19, 1996, stated that they were appealing the judgment rendered on March 20, 1996. The order, granting an appeal from the judgment rendered on March 20, 1995, was signed on April 15, 1996.

APPEAL OF JUDGMENT DISMISSING SHERIFF LAYRISSON
Plaintiffs contend that the trial court erred in sustaining the peremptory exception pleading the objection of no cause of action and dismissing plaintiffs' claims with prejudice as to Sheriff Layrisson. We note that no order granting an appeal of the March 18, 1996, judgment, dismissing plaintiffs' claims against Sheriff Layrisson, was obtained by plaintiffs. LSA-C.C.P. art. 2121 provides, in pertinent part, that an appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment. It is incumbent upon the party litigant or his counsel to obtain the order of appeal, and failure to do so is imputable to him. Voelkel v. State, 95-0147 p. 3 (La.App. 1st Cir. 10/6/95); 671 So.2d 478, 480, writ denied, 95-2676 (La.1/12/96); 667 So.2d 523. The jurisdiction of the appellate court attaches upon the granting of the order of appeal. LSA-C.C.P. art 2088. There can be no appeal absent an order of appeal because the order is jurisdictional. This lack of jurisdiction can be noticed by the court on its own motion at any time. LSA-C.C.P. 2162; Voelkel v. State, 671 So.2d at 480. Thus, we find that this court has no jurisdiction over the appeal of the March 18, 1996, judgment because of the lack of an order of appeal. Therefore, the appeal of the March 18, 1996 judgment is dismissed.

APPEAL OF JUDGMENT DISMISSING GENE BYERS AND MIKE KAZAROONI
Plaintiffs contend that the trial court erred in sustaining the peremptory exception pleading the objection of no cause of action and dismissing their claims with prejudice as to Gene Byers and Mike Kazarooni.
The peremptory exception pleading the objection of no cause of action is a procedural device used to test whether, under the allegations of the petition, the law affords any remedy for the grievance asserted. Stafford Construction Company, Inc. v. Terrebonne Parish School Board, 612 So.2d 847, 850 (La.App. 1st Cir.1992), writ denied, 614 So.2d 82 (La.1993); Ward v. Tenneco Oil Company, 564 So.2d 814, 820 (La.App. 3rd Cir.1990). The purpose of this objection is to determine the legal sufficiency of a petition, and for purposes of ruling on the exception pleading the objection of no cause of action, the court must accept all well-pleaded facts in the petition and any annexed documents as true. Ostheimer v. Venvirotek of Louisiana, Inc., 95-2126, p. 10 (La.App. 1st Cir. 4/30/96); 674 So.2d 337, 343. The court should sustain the exception only if the law affords no remedy under any evidence that is admissible under the pleadings. No evidence may be introduced to support or controvert the objection of no cause of action. LSA-C.C.P. art. 931.
In light of the foregoing principles, we are not prepared to say that, as a matter of law, the alleged negligence could in no way constitute a proximate cause of the injuries and damages plaintiffs claim to have sustained so as to warrant maintaining the peremptory exception pleading the objection of no cause of action. See Geiger v. State, Department of Institutions, 242 So.2d 606, 608 (La.App. 1st Cir.1970). Plaintiffs allege that Claude Smith had previously been convicted for felony theft, and his sentence of probation had been revoked because of the illegal use of controlled dangerous substances. Plaintiffs further allege that defendants allowed Claude Smith to be released for a supervised visit with his family, but defendants failed to supervise this visit and Claude Smith became highly intoxicated. Plaintiffs allege that, because of Claude Smith's intoxication, Shemika Butler was killed as a result of the accident.
The allegations of plaintiffs' petition are sufficiently broad to allow proof of facts imposing liability on defendants for the damage caused by Claude Smith.

*625 CONCLUSION

For the foregoing reasons, we dismiss plaintiffs' appeal against Sheriff Ed Layrisson. The March 18, 1996 judgment of the trial court, sustaining the peremptory exception pleading the objection of no cause of action and dismissing plaintiffs' claims as to Gene Byers and Mike Kazarooni, is reversed and the case is remanded to the trial court for further proceedings. Costs of this appeal in the amount of $1,089.56 are assessed to defendants, Gene Byers and Mike Kazarooni.
APPEAL AS TO SHERIFF ED LAYRISSON DISMISSED; JUDGMENT AS TO GENE BYERS AND MIKE KAZAROONI REVERSED AND REMANDED.
WHIPPLE, J., concurs and assigns reasons.
WHIPPLE, Judge, concurring.
As the majority correctly notes, although two separate judgments were rendered herein, the "Petition for Appeal" and order granting the appeal only refer to the judgment of March 20, 1996. In the record before us, there is no appeal directed to the judgment of March 18, 1996, dismissing plaintiffs' claims against defendant, Ed Layrisson. Accordingly, that judgment is not before us on appeal.
NOTES
[1] Judge Ralph E. Tyson is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The exception of no cause of action is separate and distinct from the exception of no right of action, with each serving a particular purpose and having its own procedural rules. Kahn v. Jones, 95-259 p. 4 (La.App. 3rd Cir. 11/2/95); 664 So.2d 700, 703. The record before us reflects that defendants urged an exception of no cause of action only. Additionally, the judgment of the trial court sustained the exception of no cause of action only.
[3] The trial court cited Green v. State, Department of Institutions, 91 So.2d 153 (La.App. 1st Cir. 1956) in support of its reasons. In Green v. State, this court affirmed a trial court judgment sustaining an exception of no cause of action, holding that the alleged negligence of the defendants in permitting an inmate to escape was not a proximate cause of the injuries sustained by plaintiffs through the inmate's negligent operation of an automobile which he had stolen subsequent to his escape.