**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 7, 2004**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-31262
Summary Calendar

_____

Roxco Ltd; Nobel Insurance Company,

Plaintiffs - Appellants,

versus

Harris Specialty Chemicals, Inc; Senergy, A Division of Harris
Specialty Chemicals Inc,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
District Court No. 00-CV-1921

_____

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM.[1]

Appellants Roxco, Ltd. and Nobel Insurance Company appeal

from two rulings of the district court.  First, they argue that

the district court erred in determining, after a bench trial,

that they failed to prove their detrimental reliance claim.

Second, they argue that the district court erred in determining

---

[1]Pursuant to 5th Cir. R. 47.5, this Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

1

that their tort claims had prescribed.  Finding no error, we affirm.

The parties' dispute arose from a construction project on Barksdale Air Force Base in Bossier City, Louisiana.  Appellant Roxco Ltd., a general contractor, received a contract to build base housing.  Roxco, then, subcontracted with Exterior/Interior Specialties, Inc. ("Exterior/Interior") to provide exterior insulation and finish system (EIFS) for the housing. Exterior/Interior chose to use ThoroWall, a product manufactured by Appellee Harris Specialty Chemicals, Inc., for the EIFS work. The government contract contained two approval requirements relating to EIFS: first, the product had to be government-approved, and second, the EIFS manufacturer had to approve the applicator.  Harris issued a certificate that it had trained and approved Exterior/Interior.  The certificate also contained a disclaimer underneath the signatures of Harris employees.  This disclaimer read: "[t]his is an independent contractor and Harris Specialty Chemicals cannot control the manner of their work, or guarantee that they will correctly apply and handle all ThoroWall products with specifications."

Yet Harris provided no training to Exterior/Interior before it issued the certificate.  Harris contends, and presented evidence in support of its contention, that it did provide some training to Exterior/Interior employees before work on the

2

project began.  Harris also contends that Exterior/Interior personnel had performed similar work in the past and that Harris' technical representative had inspected some of Exterior/Interior's other work.

The parties appear to agree that Exterior/Interior's work under the subcontract was unacceptable.  In the fall of 1995, Harris' technical representative noted problems with Exterior/Interior's work during a visit to the site and noted those problems in an internal memorandum that indicated various problems with Exterior/Interior and suggested that Harris supply additional training.  Despite these problems, Harris subsequently recertified Exterior/Interior as an applicator.  Eventually, however, the government and Roxco noticed the problems with Exterior/Interior.  Roxco terminated Exterior/Interior's contract on March 14, 1997.  According to Roxco, it cost approximately $965,000 to solve the problems that Exterior/Interior created.

On October 3, 1997, Roxco sued Exterior/Interior, its principals, and Nobel Insurance Company, who had issued Exterior/Interior's bond.  Roxco and Nobel settled in March 1998, and under that agreement, both parties agreed to sue Harris for the remediation costs.  Roxco and Nobel.[2] complied with this

_____

[2]Because Nobel has no claim apart from Roxco's claim, we will refer to both Appellants collectively as "Roxco."

3

agreement and brought the present suit against Harris[3] on May 21, 1998.[4]  In this suit, Roxco brought claims based on negligence, imputed liability, refusal to warrant Exterior/Interior's work, and delay in inspecting the remedial EFIS work.  In the original suit, Roxco eventually dismissed its claims against Exterior/Interior on July 19, 1999.

The district court partially granted Harris' motion for summary judgment, ruling that all of Roxco's tort claims were barred by Louisiana's one-year prescriptive period.  The court permitted Roxco's quasi-contractual detrimental reliance claim to proceed to trial.[5]

After the first day of trial, the parties agreed to a bench

---

[3]Roxco sued both Harris and Senergy, Inc., Harris's former competitor.  In November 1997, Harris acquired Senergy, which then became a division of Harris.

[4]Roxco originally filed this suit in Mississippi state court.  Harris removed the case to the United States District Court for the Southern District of Mississippi and filed a motion to dismiss for lack of personal jurisdiction.  The district court granted this motion and transferred the case to the Western District of Louisiana.

[5]From the complaint, it does not appear that Roxco ever actually pleaded this claim. In fact, the district court's summary judgment order noted as much, indicating, "[i]n the present action, Roxco and Nobel are suing HSC on the following bases: (1) negligent certification, (2) negligent inspection, (3) imputed liability, (4) refusal to warrant work of certified contractor, (5) delay in warranty inspection and (6) punitive damages."  (Order at 3).  Nevertheless, later in its order, the district court noted that it "recognize[d] that the plaintiffs have sought relief in both contract and in tort.  Indeed, the plaintiffs have alleged a prima facie case of detrimental reliance."  (Order at 7) Harris never objected to this ruling.

4

trial.  After both sides presented evidence, the district court heard argument and asked questions on November 22, 2002.  The district court then addressed the parties, giving them opportunity to respond, on November 26. The district court found for Harris and entered judgment to that effect.  Roxco timely appealed.

Neither party has objected to the district judge's failure to make separate findings of fact and conclusions of law. Instead, the district judge, on November 26, 2002, summed up his conclusions, beginning "Here's where I think I am." The judge then described his findings, but permitted Roxco's counsel to try to change his mind.  Roxco's counsel did not succeed in this effort.  The judgment in this case also states that it is "for the reasons stated in open court on November 26."  Thus, statements made during argument on November 22, 2002 are not part of the judge's findings.  Although the better practice might have been to make clear, separate findings of fact and conclusions of law, we determine that the judge's statements on the record on November 26 permit us to conduct a review of this case.

Standard of Review

We review the grant of summary judgment *de novo*, using the same standards as the district court.  Hanks v. Transcon. Gas Pipe Line Corp., 953 F.2d 996, 997 (5th Cir. 1992).  To be entitled to summary judgment, the movant must show the absence of

any genuine issue of material fact. <u>Taylor v. Gregg</u>, 36 F.3d 453, 457 (5th Cir. 1994). We review the district court's findings of fact after a bench trial for clear error. <u>Canal Barge Co., Inc. v. Torco Oil Co.</u>, 220 F.3d 370, 375 (5th Cir. 2000). Under this standard, we reverse "only if we have a definite and firm conviction that a mistake has been committed." <u>Id</u>.

<u>Detrimental Reliance</u>

Roxco's detrimental reliance claim is based on Louisiana Civil Code Article 1967, which reads:

> A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.

LA. CIV. CODE ART. 1967

A claim under this provision is based on promissory estoppel, not tort.[6] <u>Breaux v. Schlumberger Offshore Servs.</u>, 817 F.2d 1226, 1229 (5th Cir. 1987); <u>Stokes v. Georgia-Pacific Corp</u>., 894 F.2d 764, 770 (5th Cir. 1990) (detrimental reliance claim is not based on tort). The elements of a detrimental reliance claim are: 1) that the defendant made a promise, (2) that the plaintiff's reliance on this represented promise was

---

[6]This distinction permits Roxco to get around Louisiana's one-year prescriptive period for tort actions.

6

reasonable, and (3) that the plaintiff's reliance caused a change in position to its detriment. Industrias Magromer Cueros y Pieles, S.A. v. Louisiana Bayou Furs, Inc., 293 F.3d 912, 921 (5th Cir. 2002). Roxco, however, points to cases that describe the first element in terms of "representation." Stokes, 894 F.2d at 768; Breaux, 817 F.2d at 1230 (5th Cir. 1987). But in these cases, the representations are clearly representations related to promises or contracts. In Stokes, the representation was that the defendant would provide the plaintiff a long-term contract. Stokes, 894 F.2d at 766. In Breaux, the defendant represented that it agreed to enter into a lease. Breaux, 817 F.2d at 1230. The statute, too, by its language, requires the representations to be promises. See Dugas v. Guillory, 719 So.2d 719, 725 (La. App. 3d Cir. 1998) (elements of a detrimental reliance claim are "the existence of a promise and an individual's reasonable reliance thereon that promise to his detriment"); Oliver v. Central Bank, 658 So.2d 1316, 1323, 26,932 (La. App. 2d Cir. 1995) ("A condition precedent to proving a claim for detrimental reliance is demonstrating the existence of a promise upon which the injured party could reasonably rely.")

The district court found that only two of the alleged misrepresentations were promises – the two certificates were promises to instruct Exterior/Interior. But the district court also found that Roxco could not reasonably rely on these promises

7

as a warranty of the work, particularly since both certificates expressly state that the certificate provides no guarantee that the independent contractor would adequately perform the work. Evidence at trial amply supports this conclusion, which we only review for clear error. See In re Cotson, 991 F.2d 257, 260-61 (reasonableness of reliance is generally a question of fact). The district court did not err when it concluded that Roxco failed to establish the elements of its detrimental reliance claim.

Prescriptive Period

In its summary judgment ruling, the district court concluded that Roxco's tort claims had prescribed. The court determined that Roxco's claims accrued on March 14, 1997, when Roxco terminated its contract with Exterior/Interior. Louisiana has a one-year prescriptive period for tort claims,[7] so unless the prescriptive period was interrupted, Roxco's claims had prescribed when it sued Harris on May 21, 1998.

Roxco contended that its suit against Harris's joint tortfeasor Exterior/Interior interrupted the prescriptive period. The district court disagreed and ruled that Harris and Exterior/Interior were not joint tortfeasors. On appeal, Roxco challenges this conclusion.

Under Louisiana Civil Code article 2324(c), "[i]nterruption

---

[7]LA. CIV. CODE ANN. art. 3492.

8

of prescription against one joint tortfeasor is effective against all joint tortfeasors." Roxco sued Exterior/Interior within the one-year prescriptive period. According to Roxco, its suit against Exterior/Interior interrupted prescription against Harris because Harris and Exterior/Interior were joint tortfeasors. Because the claims had clearly prescribed, Roxco bore the burden of showing that prescription was interrupted. Vincent v. Tusch, 618 So.2d 385, 385 (La. 1993).

Harris contends that interruption was ineffective because Roxco's lawsuit against Exterior/Interior was for breach of contract, not for tort claims. Roxco agrees that its original complaint against Exterior/Interior only contained breach of contract claims. Roxco argues, however, that it amended the complaint to include tort claims against Exterior/Interior. Nevertheless, Roxco never attached the amended complaints to its response to the summary judgment motion. Nor are the amended complaints in the record. The record only contains the original complaint against Exterior/Interior and a docket sheet showing the dates when Roxco amended its complaint. The district court, thus, had no evidence before it that Exterior/Interior was a joint tortfeasor or that Roxco had sued it for tort claims. Therefore, summary judgment was proper.

AFFIRMED

9