NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 13-491


RAYMOND SONNIER AND CAROLYN SEPULVADO SONNIER

VERSUS

JOHNATHAN BLAKE ROBERSON AND MARILYN SHAWNEE
ROBERSON SEPULVADO


**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 63,390
HONORABLE STEPHEN BRUCE BEASLEY, DISTRICT JUDGE

**********

SHANNON J. GREMILLION

JUDGE

**********

Court composed of John D. Saunders, James T. Genovese, and Shannon J. Gremillion, Judges.


APPEAL DISMISSED.


Joseph William Hendrix
Attorney at Law
617 Market Street
Shreveport, LA 71101
(318) 222-0070
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Raymond Sonnier
    Carolyn Sepulvado Sonnier

**Daniel Thomas Murchison, Jr.**
**Murchison & Murchison**
**Post Office Box 226**
**Natchitoches, LA 71458-0226**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Johnathan Blake Roberson**
    **Marilyn Shawnee Roberson Sepulvado**

**GREMILLION, Judge.**

This court, on its own motion, issued a rule for the plaintiffs-appellants, Raymond Sonnier and Carolyn Sepulvado Sonnier, to show cause, by brief only, why their appeal should not be dismissed as untimely filed. The plaintiffs have filed a brief in response to this court's rule. For the reasons which follow, we dismiss the appeal.

The trial court signed a final, written judgment in this case on January 2, 2013. The Clerk of Court's Office for the Eleventh Judicial District Court for Sabine Parish issued notice of judgment to the parties' counsel of record on January 3, 2013. The record reflects that the plaintiffs filed a motion for appeal on March 21, 2013. The trial court signed the order of appeal on March 22, 2013.

Upon the lodging of the record in this appeal, this court issued the rule to show cause *sub judice*. In the response to this court's rule, counsel for the plaintiffs writes:

> The notice of appeal was timely faxed filed to the 11[th] Judicial District Court and the original was mailed on the same day with the appropriate amounts for filing fees with a letter and envelope properly addressed to the Sabine Parish Clerk of Court.
>
> For reasons that cannot be explained by counsel, the notice of appeal that was mailed to the Clerk of Court was delivered to the Clerk of Court for the Parish of Desoto. The clerk in Desoto Parish attempted to process the notice and then realized that the notice of appeal was addressed to a case in Sabine Parish and the "paper work" was returned to my office.
>
> Upon discovery of the error, the notice of appeal and the filing fees were hand delivered by me to the Clerk of Natchitoches [sic] Parish.

Counsel for the plaintiffs then explains that the fax cover sheet and cover letter to the Clerk of Court for Sabine Parish were attached to this response.

Since notice of judgment was mailed in this case on January 3, 2013, the delay for filing a timely motion for new trial expired on January 14, 2013. La.Code Civ.P. art. 1974. Therefore, since no timely motion for new trial was filed in this case, the delay for taking a devolutive appeal expired on March 15, 2013. La.Code Civ.P. art. 2087. The motion for appeal which appears in the record in this appeal was filed in the district court's clerk's office on March 21, 2013.

"[T]he defect of not taking an appeal timely is jurisdictional, and neither counsel, the trial court, nor the [appellate] court has the authority to extend the delay." *State ex rel. E.A.*, 2002-996, p. 3 (La.App. 3 Cir. 10/2/02), 827 So.2d 594, 596, citing *State in the Interest of Johnson v. Johnson*, 303 So.2d 617 (La.App. 4 Cir. 1974). Furthermore,

> It is incumbent upon the party litigant or his counsel to obtain the order of appeal, and failure to do so is imputable to him. *Voelkel v. State*, 95-0147 p. 3 (La.App. 1st Cir. 10/6/95); 671 So.2d 478, 480, *writ denied*, 95-2676 (La.1/12/96); 667 So.2d 523. The jurisdiction of the appellate court attaches upon the granting of the order of appeal. LSA-C.C.P. art 2088. There can be no appeal absent an order of appeal because the order is jurisdictional. This lack of jurisdiction can be noticed by the court on its own motion at any time. LSA-C.C.P. 2162; *Voelkel v. State*, 671 So.2d at 480.

*Strickland v. Layrisson*, 1996-1280, p. 4 (La.App. 1 Cir. 6/20/97), 696 So.2d 621, 624, *writ denied*, 1997-1940 (La. 11/14/97), 704 So.2d 228.

In the instant case, the plaintiffs failed to file their motion and order for appeal in the correct district court within the time delay for seeking a devolutive appeal.[1] Plaintiffs' counsel appears to advocate for the position that placing the

---

[1] Although plaintiffs' counsel states that the motion and order for appeal were timely filed by facsimile filing, the documentation attached to the response to this court's rule to show cause indicates that the fax was sent on February 27, 2013. Louisiana Revised Statutes 13:850 requires that the original document and

motion and order for appeal into the mail timely is sufficient to preserve the appeal. However, we find that counsel for the plaintiffs bore the additional responsibility to make certain that the motion and order were in fact timely received by the clerk's office. *See Strickland*, 696 So.2d 621. Thus, if counsel for the plaintiffs learned that the district court's clerk's office had not received the motion and order for appeal as the expiration of the appeal delays neared, it was incumbent upon counsel for plaintiffs to make certain that they were received, even if that meant that a new motion and order for appeal had to be sent. Therefore, we find that the plaintiffs' appeal is untimely, and we hereby dismiss the plaintiffs' appeal at their cost.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.

---

appropriate fees be forwarded to the clerk's office to which the fax was sent within seven days of the faxing on penalty of the fax filing having no force or effect. Since the original motion and order for appeal were not filed in the correct court until March 21, 2013, the plaintiffs cannot rely on the fax filing for the timely perfection of their appeal.