# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA                                          NO. 2025 KW 1227

IN THE INTEREST OF H.C.                              **MARCH 12, 2026**

---

In Re:    H.C., applying for supervisory writs, 22nd Judicial
          District Court, Parish of St. Tammany, No. 9493-JJ.

---

**BEFORE:   MILLER, EDWARDS, AND FIELDS, JJ.**

    **WRIT DENIED.** We note that expungement matters are reviewed by this court under its civil appellate jurisdiction. See **State v. Green**, 2020-0066 (La. App. 1st Cir. 12/30/20), 318 So.3d 146, 149. The writ application filed with this court does not contain a copy of a signed written judgment demonstrating the district court's ruling on relator's motion for expungement. The district court's ruling of October 28, 2025, denying relator's motion to expunge will be an appealable civil judgment once a written judgment is signed by the district court judge dismissing petitioner's claims and containing the proper decretal language identifying (a) the party in whose favor the judgment is rendered, (b) identify the party against whom the judgment is rendered, and (c) identify the relief granted or denied. See **Carter v. Williamson Eye Center**, 2001-2016 (La. App. 1st Cir. 11/27/02), 837 So.2d 43. Once a written judgment is signed in this matter, an appeal can be taken from the district court by filing a motion for appeal, along with an order for the judge's signature showing the return date of the appeal, within the time delays set out in Louisiana Code of Civil Procedure article 2087. Filing documents directly with this court does not suspend the running of appeal delays. See La. Code Civ. P. art. 2121; **Strickland v. Layrisson**, 96-1280 (La. App. 1st Cir. 6/20/97), 696 So.2d 621, writ denied, 97-1940 (La. 11/14/97), 704 So.2d 228.

SMM
BDE
WEF

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT