639 So.2d 434 (1994)
Renell COMPEAUX
v.
PLAISANCE INSPECTION & ENTERPRISES, INC.
No. 93 CA 1165.
Court of Appeal of Louisiana, First Circuit.
June 24, 1994.
Rehearing Denied August 9, 1994.
*435 Lawrence A. Arcell, New Orleans, for plaintiff-appellant, Renell Compeaux.
Daniel J. Caruso, Alfred R. Gould, Jr., New Orleans, for defendant-appellee Curtis Callais, Sr., d/b/a Curtis Callais Welding.
Before LOTTINGER, C.J., and CRAIN and LeBLANC, JJ.
CRAIN, Judge.
This is an appeal from a judgment of the trial court maintaining the peremptory exception raising the objection of prescription.
Plaintiff, Renell Compeaux, was employed as a welder by S.J.V. Contractors at the Halter Marine Shipyards. While in the course and scope of his duties, Compeaux allegedly suffered injuries to his knee. He alleges the injury was caused by the fault of a third party. The injury occurred on March 5, 1991. On February 16, 1992, Compeaux instituted this action against Plaisance Inspection and Enterprises, Inc. (Plaisance), the sole named defendant, as the employer of the unnamed third party. Paragraph III of the original petition reads:
"On or about March 5, 1991, while in the course and scope of his employment, plaintiff was bending over a piece of steel which had been attached to the said piolot [sic] house by a tacker who was employed by defendant Plaisance Inspection and Enterprises, Inc. and who was at that time in the course and scope of his employment."
*436 An amended petition was filed on March 20, 1992, naming "Curtis Callais, Sr. doing business as Curtis Callais Welding" (Callais) as an additional defendant. The pertinent paragraphs of the amended petition provide in part:
IIa.
"According to information and belief, defendant, Curtis Callais, Sr. employed as a tacker a person named David Adams who was also engaged in the building of the same vessel as plaintiff. David Adams is the tacker referred to [in] the original petition as an employee of Plaisance Inspection and Enterprises, Inc.
. . . . .
IIb.
Plaintiff's assertion in his original petition was based on the representation of David Adams who did not properly disclose to plaintiff the identity of his employer until March 6, 1992. Plaintiff avers that the actions of David Adams are attributable to his employer and that his employer knew or must have known of the pendency of this cause of action in favor of plaintiff prior to March 5, 1992.
. . . . .
VIa.
The aforementioned accident and all damage and injuries to plaintiff resulting therefrom were the sole result of the negligence and lack of due care on the part of David Adams and Curtis Callais, Sr., his agents, servants and employees in the following particulars among others will be shown at the trial of this cause, to wit:
a) failure to properly weld the steel in place;
b) failure to properly check and or inspect the welds to make sure they were proper;
c) failure to warn plaintiff of the dangerous condition caused by their inattention;
d) failure to properly supervise the work of its employees;
e) failure to properly train its employees.
. . . . .
VIb.
All acts attributed to the tacker in the original petition to Plaisance Inspection and Enterprises, Inc. were the acts of the David Adams who either was an employee of Plaisance Inspection and Enterprises, Inc. or of Curtis Callais, Sr.
. . . . .
VIc.
Curtis Callais, Sr., or alternatively Plaisance Inspection and Enterprises, Inc., are responsible and liable for their employees' acts which are performed within the course and scope of their employment.
Callais filed the peremptory exception raising the objection of prescription. After a hearing on the matter judgment was entered sustaining the exception and dismissing the suit without prejudice.
Plaintiff appeals alleging the exception was erroneously maintained because (1) defendants are solidary obligors thus interruption of prescription against one solidary obligor interrupts prescription against all solidary obligors; (2) contra non valentem is applicable "due to the misleading statements of a potential defendant;" and (3) the amending petition relates back to the filing of the original petition. Callais answered the appeal alleging as error the dismissal of the petition without prejudice.

RELATION BACK TO ORIGINAL PETITION
In this assignment of error plaintiff contends the amended petition relates back to date of original filing.
Delictual actions are subject to a liberative prescriptive period of one year. The period begins to run from the day of injury. La.C.C. art. 3492. Prescription is interrupted by the filing of an action against the obligor in a court of competent jurisdiction. If filed in a court of incompetent jurisdiction or an improper venue, prescription is interrupted only as to a defendant served within the prescriptive period. La.C.C. art. 3462. The primary purpose of prescriptive statutes is to protect a defendant *437 from stale claims and from the loss or non-preservation of relevant proof. They are not designed to protect a defendant against non-prejudicial pleading mistakes that his opponent makes in filing the claim within the period. Findley v. Baton Rouge, 570 So.2d 1168 (La.1990).
An amended petition, which would otherwise be prescribed, relates back to the date of filing of the original pleading when the action asserted in the amended petition arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. La.C.C.P. art. 1153. The following criteria were established by our supreme court to assist in determining whether an amended pleading which changes the identity of the party sued should relate back to the date of filing of the original petition pursuant to La.C.C.P. art. 1153:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
Ray v. Alexandria Mall, 434 So.2d 1083, 1087 (La.1983). In the case before us the second, third and fourth criteria have not been met.
To meet the second criteria plaintiff must establish that Callais must have received notice of the institution of this action and as a result Callais will not be prejudiced in maintaining a defense on the merits. To meet the third criteria plaintiff must establish that Callais should have known that but for the mistake concerning the name of the proper defendant Callais would have been timely sued. To meet the fourth criteria plaintiff must prove that Callais is not an unrelated or wholly new defendant.
Plaintiff contends that notice to Adams, Callais' employee, of the impending suit constituted notice to Callais and that Callais must have known that but for the mistake in identity of Adams' true employer, Callais would have been named in the original petition as the proper party defendant. Plaintiff does not allege that Callais received notice of the suit due to some relationship between Callais and Plaisance. It is important to note that Adams, the employee who allegedly caused the injury, was neither sued nor named in the original petition. His knowledge was alleged to have come through conversations with the plaintiff.
Pursuant to Findley, 570 So.2d at 1171, where there is an identity of interest between the originally named defendant and the party the plaintiff actually intended to sue, the amendment may relate back, in the absence of prejudice, on the basis that institution of the action against one serves to provide notice of the litigation to the other. In order to determine whether there is a sufficient identity of interest we should examine the closeness of the relationship between the parties in their business operations and other activities. In Findley, although the City/Parish of East Baton Rouge was a separate legal entity from the Recreation and Park Commission for the Parish of East Baton Rouge (BREC) a sufficient closeness of their relationship in business operations was found to exist. The City/Parish had control over BREC similar to that found between parent and subsidiary corporations with interlocking officers and directors. Where there is no close relationship between the entities and the amended petition names a wholly new defendant, the amending petition does not relate back. See Newton v. Ouachita Parish School Board, 624 So.2d 44 (La.App. 2d Cir.1993) (student injured at school sues wrong school board. There was insufficient identity of interest in that school boards exercised control over different schools, each had its own superintendent, board members elected by different constituencies, *438 separate offices and separate agents for service of process).
In an affidavit submitted as evidence in the hearing on this matter, Curtis Callais, Sr. stated that the first notice that Callais received regarding this action was when served with the amended petition, after the prescriptive date. The evidence in the case before us, specifically Compeaux's deposition, does not reflect that Adams withheld any information from Compeaux regarding the identity of Adams' employer. Adams was never asked to identify who was his employer at the time of the accident at issue until after prescription had accrued. This does not constitute sufficient notice to Callais that this suit was to be filed against Callais. It results in prejudice to Callais because Callais alleges it had no knowledge of the occurrence of the accident until Callais was served with this suit through service of the amended petition. Further, even if the possibility of this lawsuit had been discussed with Adams, notice to Adams would not constitute notice to Callais. See e.g. Moon v. Shreveport Associates, 571 So.2d 799 (La.App. 2d Cir.1990), writ not considered, 576 So.2d 23 (La.1991), (corporation mistakenly sued not related to corporation named in amended petition). Heimann v. General Cinema Corp. of Louisiana, 559 So.2d 919 (La.App. 5th Cir.1990) (demand letters directed to defendant were not sufficient to serve as notice of the claim); cf. Montminy v. Jobe, 600 So.2d 121 (La.App. 2d Cir.), writ denied, 604 So.2d 1003 (La. 1992) (daughter of corporate officer/owner mistakenly sued before amendment naming corporation and corporate officer as substitute defendants. Factors such as same attorney representing daughter as well as substitute defendant and tardiness in clarifying position of original defendant weighed against viewing original and substitute defendants as unrelated).
Plaintiff has not alleged a close relationship nor a sufficient identity of interest between Plaisance and Callais which would meet the Findley test for establishing the second and third criteria of Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983). Plaintiff only alleges that through discovery he may be able to establish a basis of solidary liability and that through verbal notice to Adams of an impending lawsuit in this matter Callais should have been apprised, before the accrual of prescription, of having to defend itself in this action. Despite plaintiff's claim in brief that Adams made misleading statements, from the evidence presented at the hearing, Adams actions can hardly be said to be misleading or deceptive. Based on the pleadings and evidence presented at the hearing Callais is a totally separate and unrelated defendant. Further any "mistake" in naming the proper defendant was due to plaintiff's failure to investigate. Because the second, third and fourth criteria of Ray v. Alexandria Mall, 434 So.2d at 1087 are not met the amended petition cannot relate back to the original filing.
This assignment is without merit.

CONTRA NON VALENTUM
In the second assignment of error plaintiff contends that "due to the misleading statements of a potential defendant" plaintiff was prevented from availing himself of his cause of action thus triggering the application of the doctrine of contra non valentum.
The judicially created doctrine of contra non valentum is an exception to the general rule of prescription and is based on the civilian concept that prescription does not run against a party who is unable to act. Rajnowski v. St. Patrick's Hospital, 564 So.2d 671 (La.1990). The doctrine is applied in four general situations:
"(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
(2) where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting;
(3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action;
(4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant." *439 Rajnowski v. St. Patrick's Hospital, 564 So.2d at 674 (quoting from Whitnell v. Menville, 540 So.2d 304, 308 [La.1989]).
The supreme court has held that in order to trigger application of the third category of contra non valentum the debtor's conduct must rise to the level of concealment, misrepresentation, fraud or ill practices. Rajnowski v. St. Patrick's Hospital, 564 So.2d at 676.
By deposition, Compeaux stated that he assumed that Adams was employed by Plaisance at the time of the accident because some time before the accident Adams allegedly told plaintiff that Adams had worked for Plaisance. Compeaux further stated that on numerous occasions after the accident Compeaux visited with Adams but the injury and the possibility of this suit were never discussed. Compeaux did not ask Adams the name of Adams' employer at the time of the accident until after prescription had accrued. In plaintiff's own words he did not discuss this impending suit until after prescription had run. Adams' identity was known to plaintiff at the time of the accident. Although Adams is alleged to be a solidary obligor and a potential defendant, Adams is not a named defendant. Further, even if he were a "potential defendant" Adams' conduct did not prevent plaintiff's discovery or the timely filing of this suit, nor did it rise to the level of fraud or ill practices.
This assignment has no merit.

SOLIDARY OBLIGORS AND INTERRUPTION OF PRESCRIPTION
The use of fictitious names for unknown defendants is not sufficient to interrupt prescription. At least one solidary obligor must be sued. Mitchell v. Pablovich, 578 So.2d 265 (La.App. 5th Cir.), writ denied, 581 So.2d 690 (La.1991); Bankston v. B & H Air Tools, Inc., 486 So.2d 199 (La.App. 1st Cir.), writ denied, 488 So.2d 1021 (La.1986). Interruption of prescription by the timely filing of suit against one solidary obligor interrupts prescription as to other solidary obligors. Lee v. Missouri Pacific Railroad Co., 540 So.2d 287 (La.1989). Further, suit against an employer or an employee will interrupt prescription as to the other. Givens v. Professional Nurses Home Health Services, Inc., 516 So.2d 120 (La.1987).
"Where on the face of the petition it appears that prescription has run, the burden shifts to the plaintiff to prove a suspension or interruption of prescription. If the plaintiff's basis for claiming interruption is solidary liability between two parties, then the plaintiff also bears the burden of proving that solidary relationship. However, where the plaintiff's allegations in the petition and the amending petition have not been controverted in the hearing on the exception, a court must look to the petitions to see whether plaintiff has carried his burden of proof. In doing so, the test is whether the alleged facts, if accepted as true, are sufficient on their face to establish that the timely sued defendant and the untimely sued defendants are solidarily liable."
Vincent v. Tusch, 618 So.2d 385 (La.1993). "[D]efendants are solidary for purposes of interrupting prescription as long as they share coextensive liability to repair certain elements of the same damage." Id. at 386.
"However, even if the plaintiff sustains this burden of proving solidary liability at a pretrial hearing on prescription, if, after trial on the merits, it turns out that under the facts proven by plaintiff there is no solidary liability because the timely filed defendant is not found liable to plaintiff at all, then the exception should be maintained at that time."
Younger v. Marshall Industries, Inc., 618 So.2d 866, 869 (La.1993).
In brief, Compeaux alleges this exception should not be maintained because he has not yet had the opportunity to depose David Adams, an employee of Callais, who may have "some liability in this matter." Compeaux further states in brief that the "claims against defendant Plaisance may be tenuous at best." Thus, if "no discovery has been undertaken against defendant Plaisance, it is difficult to determine its exposure. However, if discovery reveals facts which indicate Plaisance may be liable to plaintiff/appellant, then Plaisance and defendant/appellee *440 Callais are solidary obligors and the amended petition would not be prescribed."
Pursuant to the original petition the sole defendant in this action was Plaisance. Thus if Plaisance is solidarily bound with Adams or Callais prescription has been interrupted as to Callais. David Adams the alleged "tacker" referred to in paragraph III of the original petition and named in the amended petition, has never been made a party defendant in this action. Had Adams been made a defendant in the original petition, as Callais' employee prescription would have been interrupted as to Callais. However, Adams was not employed by Plaisance at the time of the accident; he was employed by Callais. Since neither Adams nor Callais were made defendants in this action, this action against Callais has prescribed unless plaintiff has met his burden of proving that Plaisance is solidarily bound with Callais or Adams.
At the hearing Callais submitted an affidavit of Curtis Callais, owner and president of Curtis Callais Welding, Inc. Therein, Callais stated that David Adams was employed by Callais on March 5, 1991, and on that date Adams was assigned to work at Halter Marine in Lockport. The excerpts of Compeaux's deposition do not establish any link between Plaisance and Callais or between Plaisance and Adams other than that Compeaux assumed that Plaisance was Adams' employer at the time of the accident. It was not until after prescription had accrued that Compeaux actually inquired as to who was Adams' employer at the time of the accident. Plaintiff has failed to allege the manner by which Plaisance is solidarily bound with Callais. Plaintiff merely contends that Plaisance may be solidarily bound with Callais or Adams in some manner to be learned after future discovery. Thus plaintiff clearly failed to meet his burden of proving the solidary relationship between Plaisance and Callais.
La.C.C.P. art. 934 provides that when the grounds of the peremptory exception may be removed by amending the petition, the judgment sustaining the exception "shall order such amendment." However, if the grounds of the objection cannot be removed the action shall be dismissed. Thus, unless remanding for amendment would be vain and useless, the judgment sustaining a peremptory exception must permit amendment of the petition. Browne v. American Bank & Trust Co., 594 So.2d 1105 (La.App. 4th Cir.1992).
Instead of allowing amendment of the petition the trial court dismissed the petition without prejudice, stating that the trial against Callais would be severed. If plaintiff proved solidary liability between Plaisance and Callais, plaintiff could subsequently institute another action against Callais. Given the directive of La.C.C.P. art. 934 we conclude the trial court erred in failing to allow plaintiff the opportunity to amend the petition to factually allege solidarity for purposes of interruption of prescription. Should plaintiff be unable to plead such, this action against Callais should be dismissed with prejudice.[1]
Accordingly, the judgment of the trial court is affirmed in part and amended in part. Costs of this appeal are assessed equally against appellee and appellant.
AFFIRMED IN PART, AMENDED IN PART, AND REMANDED.
NOTES
[1] Because we are remanding for amendment of the petition we need not consider Callais' assignment of error.