liCANNELLA, Judge.
Plaintiff, Dolores Plakotas, appeals from two judgments rendered in favor of defendants. One is a summary judgment in favor of defendant, Bank of Louisiana, and the second is a judgment granting a Peremptory Exception Of Prescription in favor of defendant, Severn South Partnership (Severn South). For the reasons which follow, we affirm the first judgment, reverse the second one and remand.
On December 31, 1990, appellant slipped and fell in the lobby of the building that houses a branch of the Bank of Louisiana on *1299 Severn Avenue in Metairie, Louisiana. The building is owned by Severn South. Thereafter, on February 4, 1991, appellant received correspondence from one Sandy James, as claims representative of United States Fidelity and Guaranty Company (USF & G), for the insured Severn South, requesting her to call him. Appellant obtained counsel, Mark Ross, with James Minge and Associates, who communicated with Sandy James from USF & G. The record contains a letter written by Mark Ross to Sandy James as claims agent for USF & G for the insured Severn South, indicating that it was a follow-up to a telephone conversation. The letter provided that Ross would “be representing Mrs. Pla-kotas with respect to personal injuries suffered as a result of Ra slip and fall in a Bank of Louisiana office managed by your insured, Severn South Partnership.” The letter provided that Ross would be filing suit to avoid prescription, but that he hoped an amicable resolution could be worked out. Thereafter, on December 11, 1991, appellant filed suit. Named as defendants in the suit were Bank of Louisiana and USF & G. Paragraph III stated that USF & G had issued a policy of insurance to Bank of Louisiana. On March 6, 1992, USF & G, through counsel, Mary Sentenn, filed an answer alleging, among other things, that the lobby where appellant fell was not within the care, custody or control of Bank of Louisiana. On March 18, 1992, appellant filed a “First Supplemental and Amending Petition” naming Severn South as a defendant, as the owner of the building where plaintiff fell. This supplemental petition was served on USF & G through its counsel of record, Mary Sentenn,[1] and on Bank of Louisiana and Severn South. Bank of Louisiana then filed an answer through counsel, Mary Sentenn. Severn South filed an answer through counsel, James Donovan. On July 8, 1992, appellant filed a “Second Supplemental and Amending Petition”, adding a paragraph that USF & G is the insurer of Severn South. In each petition or supplement, appellant prayed for damages against all defendants jointly and severely. This supplemental petition was served on USF & G and Bank of Louisiana through Mary Sen-tenn and on Severn South through its partners, Harrison Scott and James Comisky.
Thereafter, “defendants Bank of Louisiana and its insurer, United States Fidelity and Guaranty Company” filed a Motion For Summary Judgment. The motion alleged that the area where appellant fell, in the lobby of the building some twenty feet from the entrance to the bank, was not within the care, custody and control of the Bank. Therefore, they argued that the Bank was not liable to her for her fall. Defendant, Severn South (and expressly not USF & G as it was contended that they had never been served and were not before the court), filed a Peremptory Exception Of Prescription. Severn South argued that it was brought into the suit after one year from the date of the accident and, therefore, the action against it had prescribed.
The two matters were consolidated for argument before the trial court on September 1324, 1993 and two separate judgments were rendered. On September 24, 1993, the trial court read and rendered and on September 30, 1993 signed a judgment which granted the summary judgment “in favor of defendant Bank of Louisiana,” ... “dismissing Delores Plakotas’ claim against the Bank of Louisiana with prejudice.” It was further ordered “that paragraph III of plaintiffs original petition for damages be and is hereby stricken.” (Paragraph III alleges that USF & G is the insurer of Bank of Louisiana.) The trial court took the Peremptory Exception of Prescription under advisement. On November 12, 1993, the trial court granted the prescription exception, “dismissing Severn South Partnership” from this lawsuit. Appellant appeals from both judgments.

The Summary Judgment

On a Motion For Summary Judgment, the trial court must first determine whether supporting documents presented by the moving party are sufficient to resolve all material fact issues and, if they are sufficient, the burden then shifts to the opposing party *1300 to present evidence showing there are material facts at issue. McElreath v. Progressive Ins. Co., 595 So.2d 693 (La.App. 5th Cir. 1992), writs denied, 596 So.2d 557 (La.1992). When a motion for summary judgment is made and supported by affidavit, the opposing party may not rest on mere allegations or denials in his pleadings. He must, in his response by affidavits or otherwise, set forth specific facts showing that there is a genuine issue for trial. Henderson v. Administrators of Tulane Univ., 426 So.2d 291 (La.App. 4th Cir.1983), writs denied, 433 So.2d 160 (La. 1983). Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966.
In the instant ease, the Bank of Louisiana and its insurer, USF & G, filed a Motion For Summary Judgment with the supporting affidavit of the bank’s Vice President, Clarence Machado. In the affidavit, Machado stated that on the date of appellant’s accident and at all times material thereto, the Bank of Louisiana did not have care, custody, control and/or management of the lobby of the building where she fell. He also stated that, at that time, the Bank of Louisiana was not responsible for the maintenance, clean-up, and upkeep of the lobby of the building. Therefore, it was argued that there were no material issues of fact and the Bank of Louisiana was entitled to judgment in its favor as a matter of law.
Appellant offered no countervailing affidavits. She merely argued that appellee’s affidavit was insufficient as not factually based. We disagree.
For Bank of Louisiana to be liable to appellant for the injuries she sustained when she fell in the lobby of the building where the Bank is located, appellant must either prove the Bank’s ownership of the building and/or their care, custody and control over the lobby or their duty to her. Appellant’s petition does not allege that the Bank owned the building, and indeed they do not. The affidavit filed on behalf of the bank, in support of the summary judgment, provides that the lobby of the building was not within the care, custody or control of the Bank and that the Bank was not responsible for the maintenance, clean-up or upkeep of the lobby. Therefore, the Bank owed appellant no duty. There were no material issues of fact before the trial court and the Bank was entitled to judgment as a matter of law. Accordingly, the trial court acted properly in granting the summary judgment in favor of the Bank of Louisiana.
The summary judgment was rendered in favor of the Bank of Louisiana only. The summary judgment was not granted in favor of USF & G. Furthermore, the judgment also provided that paragraph III of appellant’s petition be stricken, pertaining to USF & G being the insurer of Bank of Louisiana. This would not have been necessary had the summary judgment been granted in USF & G’s favor also and had the case been dismissed against them. Accordingly, we find that, after the judgment granting the Bank’s Motion For Summary Judgment, USF & G remained as a party in the lawsuit.

The Prescription Exception

The prescriptive period for delictual actions is provided in La.C.C. art. 3492 which states, in pertinent part:
Delictual actions are subject to a libera-tive prescription of one year. This prescription commences to run from the day injury or damage is sustained.
Prescription is interrupted by the filing of a lawsuit in a competent court and in the proper venue or from service of process within the prescriptive period. La.C.C. art. 3463. Where a party is not named in the original timely filed petition but added by amendment, the question becomes whether the amended petition relates back to the date the original petition Uwas filed.
La.C.C.P. art. 1153 addresses the relation back of an amendment to a petition and provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment re *1301 lates back to the date of filing the original pleading.
The Louisiana Supreme Court, in Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), set out the following criteria for determining whether La.C.C.P. art. 1153 allows an amendment which changes the identity of the party or parties sued to relate back to the .date of filing of the original petition:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading; and
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits; and
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
Appellant timely filed suit against the Bank of Louisiana and USF & G claiming damages for injuries which she sustained when she slipped and fell in the lobby of the building where the bank is located. The original petition named USF & G as the insurer of the Bank of Louisiana. The Bank of Louisiana was not hable to plaintiff because it did not own the building where she fell and they did not have the care, custody or control over the lobby of the building where she feh. After the prescriptive period had elapsed, appellant filed an amended petition naming Severn South as a defendant, as owner of the building and as having the care, custody and control over the lobby of the building. Appellant filed a second amending petition naming USF & G as Severn South’s insurer.[2] Thus the questions | (¡presented are whether the two supplemental petitions, naming USF & G and Severn South as parties defendant, relate back to the date the original petition was filed, making suit against them timely filed.
Applying the Ray criteria to the facts of the instant case, we find that the trial court erred in granting the exception of prescription rather than finding that the amended petition related back to the date of the filing of the original petition.
The amended claim arose out of the same transaction or occurrence set forth in the original pleading, the slip and fall in the lobby of the building where the Bank of Louisiana was located. USF & G had notice of the institution of the action such that it will not be prejudiced in that it was originally named in the timely petition, but was erroneously referred to as the insurer of Bank of Louisiana rather than as insurer of Severn South. USF & G knew that, but for the mistake, the action would have been brought against them as Severn South’s insurer. A representative from USF & G, as Severn South’s insurer, had contacted appellant and her counsel about her injuries in an attempt to settle the claim. They were told that suit was going to be filed to interrupt prescription but that it was hopeful a settlement could still be worked out. Except for the mistake regarding their capacity as Bank of Louisiana’s insurer rather than Severn South’s insurer, which they had already admitted in writing, USF & G, as Severn South’s insurer, knew that suit was intended against them. USF & G as Severn South’s insurer is not a wholly new or unrelated defendant. Suit was brought against USF & G from the outset but they were identified in their wrong capacity. There is no prejudice or injustice practiced here by holding that the amended petition relates back to the date of the filing of the original petition and that, therefore, USF & G as Severn South’s insurer and Severn South as USF & G’s solidary obligor were timely sued.
*1302 Accordingly, for the reasons stated above, we hold that the September 30, 1993 summary judgment, dismissing Bank of Louisiana, is affirmed and the November 12, 1998 judgment, granting Severn South’s exception of prescription, is reversed and the case is remanded for further proceedings. Cost of appeal is to be paid by appellees.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

KLIEBERT, C.J., dissents' in part; concurs in part.

. On December 9, 1993, Mary Sentenn withdrew as counsel of record and William Bradley enrolled as counsel for USF & G and Bank of Louisiana.

. In the trial court's reasons for judgment, the court states that USF & G as Severn South’s insurer was not served with the amended petition. It is unclear where the court derived this information. From the record before us, it appears that USF & G was served with the amended petition through its attorney of record in the case. We also note that no exception to service was filed by USF & G.