716 So.2d 399 (1998)
Lori E. WATKINS
v.
Gladys Evans, wife of/and Allan Gerard KARR, David Carter Exterminating Company, Inc., David E. Carter, ABC Insurance Company, and Zurich-american Insurance Company.
No. 97-CA-771.
Court of Appeal of Louisiana, Fifth Circuit.
May 27, 1998.
Rehearing Denied July 17, 1998.
*400 R.A. Osborne, Jr., R.A. Osborne, III, Osborne & Osborne, Gretna, for plaintiff-appellant.
Marshall G. Weaver, Brian B. Rippel, Lura Lisa Wall, Henican, James & Cleveland, Metairie, for defendants-appellees.
Before GRISBAUM, C.J., and GAUDIN and DUFRESNE, JJ.
GRISBAUM, Chief Judge.
This appeal concerns the trial court's grant of a Peremptory Exception of Prescription in favor of the defendants, Margaret Hughes and Property Plus, Inc. d/b/a Prudential Louisiana Properties ("Prudential"). We set aside and remand.

ISSUE
We are called upon to determine one specific issue and that is whether "date of discovery" triggers the prescriptive period regarding a real estate agent's and/or its company's liability in connection with a redhibitory action.

FACTS AND PROCEDURAL HISTORY
The plaintiff, Lori Watkins, purchased real property from the defendants, Gladys Evans wife of/and Allan Gerard Karr, with the act of sale passing December 22, 1993. Prior to the act of sale, plaintiff signed a Property Disclosure Addendum stating that she was aware that termites were discovered on the property but the problem had been corrected. A termite certificate was also given by David Carter Exterminating Company ("Carter Exterminating"), the sellers' termite contractor, stating there was no evidence of any active infestation from wood destroying insects. Plaintiff was not aware that Formosan termites existed on the property until February 5, 1995, when she sought to renew the existing termite contract with Carter Exterminating. She received a written report from Carter Exterminating that the previously discovered infestation was done by active Formosan termites, which had been discovered by the sellers in March of 1993, but had not been treated as recommended.
Plaintiff first discovered the existence of the Formosan termites when she attempted to renew the existing termite contract with Carter Exterminating in February 1995. Plaintiff received a written report, dated February 5, 1995, from Carter Exterminating that the previously discovered infestation was caused by active Formosan termites, which had been discovered by the defendants, Gladys and Allan Karr, in March 1993 but were not treated as recommended.
Plaintiff filed suit on December 20, 1995 against Gladys and Allan Karr and their insurer; Carter Exterminating; its insurer, Zurich-American Insurance Company; and David E. Carter, individually, for failure to disclose that Formosan termites existed and not properly treating the Formosan termites once they existed. During the course of litigation, plaintiff discovered on a memorandum, dated April 24, 1996, that the real estate agent, Margaret Hughes, was also aware that Formosan termites existed on the property prior to the sale. Subsequently, plaintiff amended her petition on July 3, 1996, naming Ms. Hughes and Prudential as defendants.
Defendants, Gladys and Allan Karr, Margaret Hughes, and Prudential, filed peremptory Exceptions of Prescriptions, which the trial court granted, regarding Ms. Hughes and Prudential. The Exception of Prescription of Gladys and Allan Karr was denied. Plaintiff appeals the exception, which was granted in favor of Ms. Hughes and Prudential.

LAW AND ANALYSIS
Since discovery of the Formosan termites was on February 5, 1995, the trial court, applying La. Civ.Code art. 2534, found that the suit filed on December 20, 1995 against appellees, Gladys and Allan Karr, sellers of the property, was within the one-year prescriptive period as provided for by this redhibition article and, thus, timely. La. Civ.Code art. 2534 provides:
A. (1) The action for redhibition against a seller who did not know of the existence of a defect in the thing sold *401 prescribes in four years from the day delivery of such thing was made to the buyer or one year from the day the defect was discovered by the buyer, whichever occurs first.
(2) However, when the defect is of residential immovable property, an action for redhibition against a seller who did not know of the existence of the defect prescribes in one year from the day delivery of the property was made to the buyer.
B. The action for redhibition against a seller who knew, or is presumed to have known, of the existence of a defect in the thing sold prescribes in one year from the day the defect was discovered by the buyer.
C. In any case prescription is interrupted when the seller accepts the thing for repairs and commences anew from the day he tenders it back to the buyer or notifies the buyer of his refusal or inability to make the required repairs.
However, the appellees, Ms. Hughes and Prudential, were dismissed because a different prescriptive period was applied. According to the pleadings, Ms. Hughes and Prudential were not named as defendants until July 3, 1996. The trial court, recognizing that an action against a real estate agent is in tort, not contract, applied La. Civ.Code art. 3492, which, in pertinent part, states that "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." However, instead of applying the date on which appellant discovered that Ms. Hughes and Prudential had also known about the existence of the Formosan termites, the trial court looked to the date when the act of sale was passed, December 22, 1993, and determined that the date on which suit was filed, December 20, 1995, was untimely because more than one year had passed.
Our jurisprudence tells us that a real estate broker or agent owes a specific duty to communicate accurate information to the seller and the purchaser and may be held liable for negligent misrepresentation. Osborne v. Ladner, 96-863 (La.App. 1st Cir. 1997), 691 So.2d 1245. Furthermore, we have found that if this duty is breached, such an action is ex delicto, rather than contract. Ditcharo v. Stepanek, 538 So.2d 309 (La.App. 5th Cir.1989), writ denied, 541 So.2d 858 (La.1989). Thus, we agree with the trial court that the claim against the real estate defendants-appellees is not based in contract. However, we do not agree that, in this instance, a different prescriptive period should be applied to the real estate defendantsappellees.
First, Ms. Hughes and Prudential were part of the same suit as the sellers in relation to the same cause of actionthat all parties negligently or fraudulently failed to disclose the existence of Formosan termites. As a result, there is a visceral connexity between the real estate defendants-appellees and the sellers resulting from their fraud by omission. Ms. Hughes, the realtor, and Prudential, the agency, were not initially named when suit was filed because appellant was not aware that they had fraudulently misrepresented the existence of the Formosan termites until appellant received the memorandum dated April 24, 1996, during the course of discovery. Thus, amending the petition on July 3, 1996, to include Ms. Hughes and Prudential, three months later, was well within the one year from date of discovery of their fraud. Although the trial court recognized that the redhibition articles carve out a unique prescriptive period for the seller, who knew of the defect, we find that the integrity of a redhibitory action would be destroyed if the real estate agent, who was part of the sales transaction, was separated from this theory of recovery. Thus, a separate prescriptive period, as applied to the real estate agent, is inappropriate.
Importantly, the trial court failed to note La.Code Civ. P. art. 1153, which allows for amendments of petitions naming proper parties as defendants, even though not filed within the prescriptive period, to relate back to the original petition, which was timely filed. Our jurisprudence creates an exception to Article 1153 where the defendant being substituted has received notice such as to preclude prejudice to his defense, and where he knew or should have known that, *402 but for a mistake, the action would have been brought against him. See Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983) and its progeny.
La.Code Civ. P. art. 1153 provides that "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original petition."
We have allowed an untimely filed amended petition that changes the identity of the party or parties sued to "relate back" to a timely filed petition as long as they meet the criteria set forth by the Louisiana Supreme Court in Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983); West v. Parish of Jefferson, 96-530 (La.App. 5th Cir. 11/26/96), 685 So.2d 371; Plakotas v. U.S. Fidelity and Guaranty Co., (La.App. 5th Cir. 9/23/94), 643 So.2d 1298. The four criteria that must be met are:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
Ray, supra, at 1087.
Appellant timely filed suit against the sellers, Gladys and Allan Karr, for negligent misrepresentation by their withholding information about the Formosan termites. Appellant amended her petition to include Ms. Hughes and Prudential when she discovered the possibility that Ms. Hughes and Prudential could also have been withholding information. Applying the Ray criteria here, we find that the court erred in granting the exception of prescription, rather than finding that the amended petition related back to the date of the filing of the original petition.
The amended claim arose out of the same transaction or occurrence set forth in the original pleading, that is, failing to disclose that Formosan termites existed prior to the sale of the property was fraud and negligent misrepresentation. Ms. Hughes had notice of the institution of the action such that she would not be prejudiced in maintaining a defense on the merits. Ms. Hughes was the realtor negotiating the sale. There is evidence to show that she was aware that the Formosan termites existed on the property and that should have been disclosed. Furthermore, Ms. Hughes was the sister of defendant-appellee, Gladys Karr. Had appellant known that Ms. Hughes was aware that the Formosan termites existed in the first instance, Ms. Hughes and Prudential would have been named defendants in the original petition. Therefore, naming Ms. Hughes and Prudential as defendants should have been no surprise. Finally, Ms. Hughes and Prudential are not a wholly new or unrelated defendants. The test for "`wholly new or unrelated defendant' and the type of relationship that is necessary to satisfy the requirements of [La.Code Civ. P.] article 1153 ... [is the] `identity of interest.'" Hardy v. A+ Rental Inc., 95-2176 (La.App. 4th Cir. 5/8/96), 674 So.2d 1155, 1157, writ denied, 96-1945 (La.1996), 681 So.2d 1288 (citing Findley v. City of Baton Rouge, 570 So.2d 1168 (La.1990)). A sufficient identity of interest provides the requisite notice and depends on the closeness of the relationship between the parties in their business operations and other activities. Id. Because Ms. Hughes was the realtor and Prudential was the agency involved in the sale of the property and would have been named defendants had appellant been aware of the misrepresentation and the additional relationship of Ms. Hughes to Ms. Karr, Ms. Hughes and Prudential have received the requisite notice as to not be prejudiced by an untimely amended petition.
For the foregoing reasons, appellees' Peremptory Exception of Prescription is hereby set aside, and the matter is remanded for *403 further proceedings consistent with the views expressed herein. All costs of this appeal are to be assessed against the appellees.
SET ASIDE AND REMANDED.