| ¡¡CARTER, C.J.
This is an appeal from a judgment rendered in a subrogation action sustaining a peremptory exception raising the objection of prescription filed by defendant/appellee, Security Industrial Insurance Company (Security).
BACKGROUND
On October 26,1990, Peggy Mitchell was operating a vehicle owned by David Rubin. Rose Mitchell was a guest passenger. Delores Ellis Aites (Aites) was operating a vehicle owned by Mamie S. Ellis (Ellis) when she allegedly ran a stop sign and hit the vehicle being operated by Peggy Mitchell. Peggy and Rose Mitchell were injured in the accident. The next month, the Mitchells and Rubin filed suit against Aites and Ellis. On September 5, 1991, they amended their petition to name American Casualty Company (American), Rubin’s automobile insurer, as a defendant and to assert an uninsured motorist claim. American filed a cross-claim against Aites and Ellis. In late December 1991, or early January 1992, the Mitchells and Rubin settled their claims and dismissed the suit as to all three defendants, Ellis, Aites and American. However, American reserved its rights against Ellis and Aites.
Aites did not answer American’s cross-claim. Thus, American obtained a preliminary default against Aites on April 10, 1992. American later confirmed the preliminary default and obtained a judgment by default against Aites on May 13, 1992, in the amount of $34,187.49. Four months later, in September 1992, American conducted a judgment debtor examination of Aites and learned that Aites was acting in the course and scope of her employment with Security at the time of the October 1990 accident. In a sworn statement given by Aites on September 18, 1992, to American, she testified that when she told Security about the accident, she was never informed that Security had insurance coverage for the subject accident; although she acknowledged that she never informed Security that she had been sued as a result of the October 1990 accident.
FACTUAL AND PROCEDURAL HISTORY
Upon learning this information from Aites, American wrote a letter to Security setting forth the facts pertaining to the accident and stating it was subrogated to the 1 .-¡rights of the Mitchells and Rubin. Through this letter, American demanded payment of $34,187.49, the amount American had paid the Mitchells and Rubin as a result of the accident. In response, Security asserted that American’s subrogation claim had prescribed.
On September 14,1993, American filed a petition asserting a subrogation claim against Security. In the petition, American alleged that the doctrine of contra non valentum agere nulla currit praescripto operated to interrupt prescription on its claim against Security because American “did not know, and could not and should not have known of the employment relationship [with Aites and the accident] until September 14, 1992, when [American] was informed of same by ... Aites.” Security *834 answered the suit denying it was liable to American and alleging that any claim American may have had against Security had prescribed. Security alternatively filed a third party demand against Aites.
On March 18, 1998, Security filed a peremptory exception raising the objection of prescription. In its supporting memorandum, Security asserted that the theory of contra non valentum was not applicable to the facts of the case and thus, did not interrupt prescription of American’s claim against Security. American filed a memorandum in opposition to Security’s exception. On March 23, 1998, the trial court sustained the peremptory exception raising the objection of prescription, finding that the doctrine of contra non valentem was not applicable in the case. In the judgment, the court specifically noted as follows:
Security[] did nothing to prevent the plaintiff from availing itself of its cause of action.... [Tjhere is no evidence in the record that Security knew about the lawsuit. In fact, Delores Aites testified in her deposition that she did not tell anyone at Security about the lawsuit .... [Pjlaintiffs lack of knowledge does not invoke the doctrine of contra non valentem. Instead, there must be a showing that after due diligence, plaintiff could not have reasonably known of his cause of action. The record reflects no discovery attempts prior to plaintiffs obtaining the default judgment. Nor has there been any showing of a diligent investigation. [See Terrel v. Perkins, 96-2629 (La.App. 1 Cir. 11/7/97), 704 So.2d 35].
American appeals from this judgment asserting one assignment of error: “The trial court committed manifest error in holding that American’s inability to know of its cause of action against Security did not invoke the doctrine of contra non va-lentum.”
14APPLICABILITY OF THE DOCTRINE OF CONTRA NON VALENTUM
The parties do not dispute that the sub-rogation claim was prescribed on its face. However, they dispute whether the doctrine of contra non valentum was applicable to the facts to prevent the running of prescription.
The judicially created doctrine of contra non valentum is an exception to the general rule of prescription and is based on the civilian concept that prescription does not run against a party who is unable to act. Compeaux v. Plaisance Inspection & Enterprises, Inc., 93-1165, p.7 (La.App. 1st Cir.6/24/94), 639 So.2d 434, 438. Louisiana jurisprudence establishes that contra non valentum applies to prevent the running of liberative prescription in four general situations:
1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action;
2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
Corsey v. State, Department of Corrections, 375 So.2d 1319, 1321-22 (La.1979).
On appeal, American asserts that “at least the fourth situation existed in this instance so as to prevent the running of prescription.”[1] American contends that because Aites never answered the suit, it *835 could not have known of its cause of action against Security until it had the opportunity to question Aites during the judgment debtor examination. American further contends that as soon as it learned Aites was possibly in the course and scope of her employment with Security at the time of the accident, it “promptly began an investigation, wrote demand letters, and, within a year of the judgment debtor exam, filed this suit.”
The doctrine of contra non valentum does not apply in the instant case. When American was named as a defendant, it promptly filed a cross claim against Aites; | ^however, it did not undertake any discovery or investigatory efforts regarding the accident.' This accident occurred on a Friday, which is a normal business day. Despite this fact, American did not investigate whether Aites was employed at the time of the accident. While the judgment debtor examination may have been American’s first opportunity to discuss the facts surrounding the accident with Aites, we do not find it was American’s first opportunity to learn about the existence of Security as a potential defendant. Had American undertook a simple investigation when it was first brought into the litigation, it would have likely learned that Aites was employed by Security and allegedly tending to business at the time of the accident. Instead, nearly two years passed between the time that American was named as a defendant in the original suit and the time that American actively sought to discover any details about the facts of the accident.
Thus, we find that American had sufficient time and opportunity to inquire about Aites’ employment status and add Security as a defendant in the original suit in a timely manner. We reject American’s argument that our holding will “stretch the term ‘diligent investigation’ ad infinitum.” American failed to take any investigative action or attempt any discovery prior to obtaining the default judgment against Aites. We find that even a simple investigation could have revealed the existence of Security and its potential liability for the accident. Thus, we do not find that American’s cause of action against Security was not known or reasonably knowable until the judgment debtor examination. Accordingly, the trial court properly sustained the peremptory exception raising the objection of prescription.
CONCLUSION
For these reasons and those set forth by the trial court in its judgment, which we attach as Appendix A, the judgment of the trial court is affirmed. Costs of this appeal are assessed to American.
AFFIRMED.
*836 [[Image here]]

. On appeal, American no longer argues that the third situation also existed. Moreover, we do not find that the third situation of contra non valentum is applicable to the facts of this case.