921 So.2d 175 (2005)
George Lee HODGES, Jr. and Tess L. Hodges
v.
REPUBLIC WESTERN INSURANCE COMPANY, Gus Hawkins, T.C.I., Inc. and JEM Transportation, Inc.
No. 2005-CA-0245.
Court of Appeal of Louisiana, Fourth Circuit.
December 14, 2005.
*176 Robert G. Harvey, Sr., Robert G. Harvey, Sr., A.P.L.C., New Orleans, LA, for Plaintiffs/Appellants.
Dara L. Baird, Walker Law Firm, Baton Rouge, LA, for The Gray Insurance Company.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS, JR.).
PATRICIA RIVET MURRAY, Judge.
This is a personal injury action. From the trial court's decision sustaining the exception of prescription filed by the Gray Insurance Company ("Gray"), George Hodges, Jr., and his wife, Tess Hodges, appeal. For the reasons that follow, we affirm in part, amend in part, and remand.

FACTUAL AND PROCEDURAL BACKGROUND
This case arises out of an August 23, 2002 motor vehicle accident involving a tractor-trailer truck operated by Gus Hawkins and a vehicle operated by Mr. Hodges. On August 12, 2003, Mr. and Mrs. Hodges timely commenced this suit against the driver, Mr. Hawkins; JEM Transportation, Inc. ("JEM"); T.C.I., Inc. ("TCI"); and Republic Western Insurance Company.[1] The petition alleges that JEM, TCI, or both were Mr. Hawkins' employer and the owner of the truck. Mr. Hawkins, JEM, and Republic Western were served and answered. Although the petition requested service on TCI through its registered agent at 701 Edwards Avenue in *177 Harahan, Louisiana, the record contains no evidence that its agent was served.[2]
On August 11, 2004, the Hodges filed a First Supplemental and Amending Petition adding Gray as a defendant in its capacity as insurer of JEM, TCI, or both. The Hodges amended petition reads as follows:
"Made defendant is The Gray Insurance Company, a domestic insurance corporation that is authorized to and doing business in the State of Louisiana, who is indebted unto your Petitioners as they are the insurers of T.C.I. and JEM TRANSPORTATION, INC. and they are made a party defendant herein."
The amended petition also alleges that Republic Western, Mr. Hawkins, TCI, JEM, and Gray are "jointly and severally" liable to the Hodgeses. The motion for leave to amend and the attached original and amended petitions were served on Republic Western, Mr. Hawkins, and JEM through the same attorney of record. The Hodgeses did not request service on TCI. Gray was served and responded by filing a peremptory exception of prescription.
In support of its exception, Gray argued that the suit against it was prescribed because it was filed more than one year after the date of the accident. Gray also argued that no one that it insured was timely sued by the Hodgeses. Gray denied the Hodgeses' allegation that it insured either TCI or JEM. Gray admitted that it insured the owner of the trailer being pulled by the tractor Mr. Hawkins was driving. Gray identified the name of its insured as Transportation Consultants, Inc., d/b/a TCI Trucking ("TCI Trucking"), and represented that TCI Trucking is entirely unrelated to TCI. According to Gray, TCI is "a business also known as Tire Center, Inc."
At the hearing on the prescription exception, the parties explained the relationships among the named defendants as follows. JEM owns the tractor Mr. Hawkins was driving. Both JEM and Mr. Hawkins, as JEM's employee, are insured by Republic Western.[3] As noted, TCI Trucking owns the trailer, and TCI Trucking is insured by Gray.[4] The Hodgeses argued at the hearing that they clearly meant to sue the TCI entity that Gray insures. The Hodgeses did not dispute that TCI Trucking and TCI are unrelated corporate entities. Nor did they dispute that they never obtained service on the TCI entity they sued.
Following the hearing, the trial court sustained Gray's prescription exception and dismissed the Hodgeses' suit against Gray. In so doing, the trial court orally reasoned that the suit against Gray was prescribed because the Hodgeses named the wrong TCI. This appeal followed.

DISCUSSION
Prescription statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished. Lima v. Schmidt, 595 So.2d 624, 629 (La. *178 1992).[5] The applicable prescription statute in this tort suit is La. C.C. art. 3492. Under Article 3492, a tort claim is subject to a one-year prescriptive period commencing from when injury or damage is sustained. The defendant has the burden of pleading and proving prescription. However, when the plaintiff's claim is prescribed on the face of the petition, the burden shifts to the plaintiff to negate prescription by establishing a suspension or interruption. Lima, 595 So.2d at 630.
In this case, the Hodgeses' claim against Gray is prescribed on the face of their amended petition because it was filed after the one-year prescriptive period had passed. The Hodgeses thus had the burden of negating prescription. The Hodgeses contend they met their burden by establishing that the relation back theory applies.
The relation back theory is codified in La. C.C.P. art. 1153, which provides that an amended petition relates back to the filing of the original petition "[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." La. C.C.P. art. 1153. The Louisiana Supreme Court in Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), outlined the following criteria for determining whether under Article 1153 an amendment that changes the identity of a defendant will be allowed to relate back:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; and
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
Ray, 434 So.2d at 1087.
Applying these criteria, the Louisiana Supreme Court in Ray held that the plaintiff's amendment substituting the Alexandria Mall Company, a partnership, for the Alexandria Mall, a corporation, related back. The Court reasoned that "[t]he amended petitions merely sought to name, in response to the defendants' declinatory exception of insufficiency of service of process, the party who actually owned and operated the Alexandria Mall." Ray, 434 So.2d at 1087. The Court further reasoned that the purported substitute defendant realized that but for the mistake in name the action would have been brought against it in its proper capacity. Noting that there was only one Alexandria Mall in Alexandria, Louisiana, the Court concluded that the substitute defendant was not a wholly new and unrelated defendant.
*179 As noted, the Hodgeses contend that their claim against Gray relates back to the filing of their original petition. Citing Taylor v. Johnson, 617 So.2d 1213 (La. App. 3d Cir.1993), they contend that the principal issue for determining whether their claim relates back is whether Gray had timely notice of the accident and suit. The Hodgeses cite two facts as establishing Gray had notice: (i) in this case, they timely sued Mr. Hawkins, the driver, who produced to the investigating police officer information stating that Gray was his insurer; and (ii) in a separate suit, one of the passengers in Mr. Hodgeses' vehicle timely sued Gray and TCI Trucking. These two facts, the Hodgeses contend, establish not only that Gray had notice, but also that it would not be prejudiced by allowing their amended petition to relate back under La. C.C.P. art. 1153.
Gray counters that the jurisprudence applying the Ray criteria is distinguishable from this case in two respects. First, the Hodgeses failed to join Gray's insured, TCI Trucking, as a defendant within the one-year prescriptive period. Second, the passenger's separate suit against Gray and TCI Trucking for the passenger's damages arising out of the same accident is not sufficient notice to Gray that the Hodgeses were injured and asserting claims against it. We agree.
Contrary to the Hodgeses' contention, the passenger's separate suit against Gray and TCI Trucking is insufficient to give notice to Gray of the Hodgeses' claim. The filing of that separate suit gave Gray notice of the underlying accident; it did not give Gray notice of the Hodgeses' separate claim. The notice that is required to satisfy the Ray criteria is not "notice of the accident," but rather "notice of the institution of the lawsuit." Renfroe v. State, Dept. of Transportation and Development, XXXX-XXXX, p. 5 (La.2/26/02), 809 So.2d 947, 951. In Renfroe, the Louisiana Supreme Court rejected the plaintiff's argument that the Parish of Jefferson had notice because its deputies responded to the accident, noting that "this is not the same as receiving notice of the institution of the lawsuit." Id. By analogy, we find that the timely filing of a separate suit by a separate plaintiff, albeit arising out of the same underlying accident, is not sufficient to give notice of a different suit by different plaintiffs. Likewise, we find that the Hodgeses' timely suit against the driver, Mr. Hawkins, who informed the investigating officer that Gray was his insurer, is not sufficient to give Gray notice.[6] The second Ray criteria of notice is thus not met.
The third Ray criteria of mistake is not met because it cannot be said that but for a mistake Gray knew that it would have been sued. The mistake in this case, as the trial court found and as the Hodgeses acknowledge, is that the Hodgeses named the wrong TCI entity. Put differently, the mistake is that they named the wrong insured  the wrong TCI entity  not the wrong insurer.
This is not a case in which an insurer was sued timely in the wrong capacity. See Rivard v. Petroleum Transport Co., 95-0431 (La.App. 4 Cir. 9/28/95), 663 So.2d 755. Rather, this is a case in which neither *180 the insurer nor its insured was timely sued.[7] Under these circumstances, we find Gray is a wholly new and unrelated party. The fourth Ray criteria is not met. As the only Ray criteria satisfied is the first one  the accident that gave rise to the amended claim is the same  we find the relation back theory is not applicable.
We note that the true relation back issue is not before us. The Hodgeses have not amended to substitute the correct TCI entity, TCI Trucking, for the incorrect one, TCI. If the Hodgeses had filed an amended petition substituting TCI Trucking and if that amendment was found to relate back, the Hodgeses' amended petition adding Gray as a defendant could have been timely.[8] Under that scenario, the solidary obligor principle that prescription is interrupted as to an insurer by a timely suit against an insured could have applied in combination with the relation back theory. Frank L. Maraist & Thomas C. Galligan, Louisiana Tort Law, § 10-4(k)(1996)(citing Plakotas v. United States Fidelity and Guar. Co., 94-40 (La.App. 5 Cir. 9/23/94), 643 So.2d 1298 as illustrating the combination of the relation back theory with the principle that suit against one solidary obligor interrupts prescription as to all solidary obligors).[9] Such is not the case here.
While we find no error in the trial court's judgment sustaining Gray's prescription exception, we find error in the trial court's judgment dismissing the Hodgeses' claim against Gray without allowing them leave to amend under La. C.C.P. art. 934. Article 934 provides that "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." La. C.C.P. art. 934. The jurisprudence has liberally construed Article 934 to mandate that "unless remanding for amendment would be vain and useless, the judgment sustaining a peremptory exception must permit amendment of the petition." Compeaux v. Plaisance Inspection & Enterprises, Inc., 93 1165, pp. 10-11 (La.App. 1 Cir. 6/24/94), 639 So.2d 434, 440.
A similar prescription issue was addressed in the Compeaux case. In that case, the plaintiff timely sued Plaisance as the alleged employer of an unnamed tacker. After the one-year prescriptive period passed, the plaintiff filed an amended petition adding Callais as the alleged employer of the same unnamed tacker. Callais responded by filing an exception of prescription. In affirming the trial court's finding that the plaintiff's claim prescribed, the *181 appellate court found the plaintiff's claim did not relate back because the Ray criteria were not satisfied. The appellate court reasoned that Callais was a totally separate and unrelated defendant. The court further found that the plaintiff failed to meet his burden of proving a solidary relationship between Plaisance, the timely sued defendant, and Callais that would have interrupted prescription. In so finding, the court stressed that the plaintiff never made the tacker a party defendant to the suit. The court noted that "[h]ad Adams [(the tacker)] been made a defendant in the original petition, as Callais' employee prescription would have been interrupted as to Callais." Compeaux, 93 1165, p. 10, 639 So.2d at 440. Under those circumstances, the appellate court found that the trial court erred in failing to follow the dictates of Article 934 and allow the plaintiff the opportunity to amend the petition.
In this case, we likewise find the trial court erred in failing to follow the dictates of Article 934 and allow the Hodgeses an opportunity to amend their petition. We find it especially appropriate to invoke Article 934 in this case for two reasons. First, doing so will allow the Hodgeses to amend to present the true relation back issue: whether an amendment substituting TCI Trucking for TCI would relate back. Second, on remand, the coverage issue of whether Mr. Hawkins is Gray's insured, and thus its solidary obligor, can be decided. In invoking Article 934 and amending the judgment to allow the Hodgeses leave to amend, we recognize that the Hodgeses have already filed a second supplemental and amending petition joining Gray as a defendant in its capacity as Mr. Hawkins' insurer. However, they did not file that petition until after the judgment from which this appeal was taken. We therefore cannot consider that subsequently filed pleading.

DECREE
For the foregoing reasons, the judgment of the trial court sustaining the peremptory exception is affirmed in part and amended in part. This case is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART, AMENDED IN PART, AND REMANDED.
NOTES
[1] Apparently there were other passengers besides Mrs. Hodges riding in Mr. Hodges' vehicle at the time of the accident. According to the parties, at least one of the other passengers has filed a separate suit against Gray and its insured.
[2] A copy of the return for the attempted service on TCI is missing from the record. The parties, however, represent that the return was returned not served and marked "no longer agent as per clerk."
[3] Although the Hodgeses' amended petition alleges that JEM is Gray's insured, neither in the trial court nor on appeal did the Hodgeses argue that JEM is Gray's insured. Rather, the parties referred to JEM as being insured only by Republic Western.
[4] Whether Mr. Hawkins is an employee of TCI Trucking and an insured of Gray are disputed factual issues. At the hearing, the trial court noted that Mr. Hawkins' status as an insured of Gray is an issue for summary judgment. That coverage issue is not before us.
[5] The Hodgeses contend that the applicable standard of review of the trial court's decision sustaining the peremptory exception of prescription is manifest error. The cases that have applied the manifest error standard have done so when evidence was introduced at the hearing on the exception. See Davis v. Hibernia National Bank, 98-1164, p. 2 (La.App. 4 Cir. 2/24/99), 732 So.2d 61, 63; Creighton v. Bryant, 34,893 (La.App. 2 Cir. 6/20/01), 793 So.2d 275. No evidence was introduced at the hearing on the prescription exception that was held in this case.
[6] To the extent the Hodgeses rely upon their timely suit against Mr. Hawkins interrupting prescription as to Gray in its capacity as Mr. Hawkins' insurer, they are relying on the solidary obligor principle, not the relation back theory. See Etienne v. National Automobile Ins. Co., 99-2610, p. 7 (La.4/25/00), 759 So.2d 51, 56-57 (noting that the relation back theory typically applies when the plaintiff names the wrong defendant, not when the plaintiff seeks to add an alleged solidary obligor.) As discussed elsewhere, the coverage issue of whether Mr. Hawkins is Gray's insured is not before us.
[7] At the hearing on the prescription exception, the Hodgeses orally argued that Gray was Mr. Hawkins' insurer. The Hodgeses, however, presented no evidence at the hearing to meet their burden of establishing Mr. Hawkins was Gray's insured. See Younger v. Marshall Industries, Inc., 618 So.2d 866, 869 (La.1993)(noting that when the plaintiff relies on the existence of a solidary relationship between two or more parties as the basis for interrupting prescription, the plaintiff has the burden of proving that solidary relationship).
[8] We note that if the parties defendant are jointly liable to the Hodgeses and appropriate allegations of fact supporting same is made, then the Hodgeses suit may not be prescribed. See La. C.C. art. 2324C.
[9] The solidary obligor principle does not apply to the Hodgeses' claim against Gray in its capacity as TCI's alleged insurer because the Hodgeses failed to name Gray's insured by its correct name. Compeaux v. Plaisance Inspection & Enterprises, Inc., 93 1165, p. 8 (La. App. 1 Cir. 6/24/94), 639 So.2d 434, 439 (using fictitious names for an unknown defendant is insufficient to interrupt prescription; suit must be commenced against at least one solidary obligor.)